UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2009 MAR 13  P 2: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LEONORA MACHARIA, as legal guardian of DAVID MACHARIA,<br>          Plaintiff<br><br>V.<br><br>CITY OF REVERE, SGT. JAMES NELSON, ROBERT IMPEMBA, CARLOS AMORO, DARYLE LAMONICA, LOUIS LAROSA, PATRICK DUSSEAULT, RENEE BUSHEME and JOHN GOODWIN,<br>          Defendants | CIVIL ACTION NO |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action for damages arising from the conduct of defendants which led to conscious pain and suffering of David Macharia on or about February 25, 2007. The conduct of the defendants constitutes a deprivation of the civil rights of David Macheria as guaranteed by the Constitution and laws of the United States of America, as well as the Declaration of Rights of the Commonwealth of Massachusetts.

### II. PARTIES

2. Plaintiff Leonora Macharia is the legal guardian of David Macharia and resides in Suffolk County, Massachusetts.

3. Defendant City of Revere is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts.

4. Defendant John Goodwin was at all times material to this complaint a duly appointed and acting member of the police department of the City of Revere and is being sued in his individual capacity.

5. Defendant James Nelson was at all times material to this complaint a duly appointed and acting member of the police department of the City of Revere and is being sued in his individual capacity.

6. Defendant Robert Impemba was at all times material to this complaint a duly appointed and acting member of the police department of the City of Revere and is being sued in his individual capacity.

7. Defendant Louis Larosa was at all times material to this complaint a duly appointed and acting member of the police department of the City of Revere and is being sued in his individual capacity.

8. Defendant Renee Dusseault was at all times material to this complaint a duly appointed and acting member of the police department of the City of Revere and is being sued in her individual capacity.

9. Defendant Daryle Lamonica was at all times material to this complaint a duly appointed and acting member of the police department of the City of Revere and is being sued in his individual capacity.

10. Defendant Carlos Amaro was at all times material to this complaint a duly appointed and acting member of the police department of the City of Revere and is being sued in his individual capacity.

### III. JURISDICTION

11. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction is established by 42 U.S.C. §§ 1331 and 1343. Plaintiff invokes the pendant jurisdiction of this Court to hear state civil rights and tort claims.

### IV. FACTS

12. On February 23, 2007, at about 4:30 PM, David Macharia was arrested by the Revere Police on a report of a domestic assault on his wife, Leonora Macharia.

13. David Macheria was intoxicated at the time of the arrest and did not want to be placed under arrest.

14. While in custody at the Revere Police Station, Defendant Goodwin screened David Macharia for purposes of suicide prevention.

15. Defendant Goodwin was the shift supervisor and responsible for the safety of all the detainees under his care and control.

16. David Macharia told Defendant Goodwin that he attempted suicide "months ago" using "pills."

17. David Macharia told Defendant Goodwin that he was under psychiatric care, taking antidepressants.

18. Defendant Goodwin indicated on the booking sheet that Mr. Macharia was suicidal.

19. On the evening of February 24, 2007, Defendant Impemba heard a sound in the cell area, and discovered David Macharia lying on the floor of his cell.

20. David Macharia, still lying on his back, told Defendant Nelson that he "jumped off the bed and hurt his head."

3

21. The booking report prepared by Defendant Goodwin indicates for "other comments" the following notations: "Q5 ADDED/ ATTEMPTED TO HARM HIMSELF IN CELL."

22. On the evening of February 24, 2007, David Macharia was taken to the Whidden Hospital for treatment relative to a large hematoma on the left side of his scalp.

23. Defendant Busheme was sent to guard David Macharia at the hospital.

24. At approximately 5:00 AM on February 25, 2007, David Macharia was discharged from Whidden Hospital.

25. David Macharia was belligerent upon his discharge, claiming that he did not want to return to the police station.

26. Defendants Larosa and Dussealt transported David Macharia back to the station, but he was not placed on suicide watch when he returned to his cell.

27. While in his cell, David Macharia was repeatedly jumping and banging himself on the floor of his cell.

28. Several of the defendants observed David Macharia's activities in his cell but did nothing to prevent him from harming himself.

29. Sometime prior to dinner, Defendant Goodwin reportedly noticed David Macharia lying on the floor.

30. David Macharia told Defendant Goodwin that he would get up in ten minutes, and Defendant Goodwin left him on the floor.

31. Defendant Goodwin checked back a second time before dinner and lifted David Macharia off of the floor into a sitting position.

4

32. Defendant Goodwin did not examine David Macharia to see if he needed medical assistance.

33. During dinner time that evening, Defendant Goodwin observed David Macharia sitting on the bench, eating his dinner.

34. Defendants failed to monitor David Macharia with manual checks every 15 minutes, as required.

35. The automatic punch clock to record monitoring of the prisoners was not operational during all times relevant to this Complaint.

36. Later, at about 9:45 PM, Defendant Lamonica observed David Macharia lying on the floor with phlegm and French fries around his mouth.

37. David Macharia was rolled onto his side and medical assistance was eventually summoned.

38. At approximately 10:40 PM, an ambulance finally arrived to take David Macharia to the Massachusetts General Hospital.

39. David Macharia arrived at Massachusetts General Hospital in critical condition, suffering from an acute left subdural hematoma.

40. Plaintiff continues to suffer from serious and permanent head injuries that will require intensive care at a specialized in patient nursing facility for the rest of his life.

41. David Macharia's condition is much worse than it otherwise would have been due to the delay in getting him treatment.

**COUNT I:**     **Violation of 42 U.S.C. § 1983 by Individual Defendants**

42. Paragraphs 1 through 41 of this complaint are incorporated herein by reference.

．
．
．
．
．

43. The defendants' conduct constituted deliberate indifference toward the welfare of David Macharia.

44. Such deliberate indifference violated David Macharia's civil rights, as protected under Federal law.

**COUNT II:**     **42 U.S.C. § 1983 Claim Against Defendant City of Revere**

45. Paragraphs 1 through 44 of this complaint are incorporated herein by reference.

46. The policies and customs of Defendant City of Revere violated David Macharia's civil rights as protected under Federal law and caused the injuries and damages described above.

**COUNT III:**     **Massachusetts Civil Rights Claim Under M.G.L. c. 12, § 11I Against All Defendants**

47. Paragraphs 1 through 45 of this complaint are incorporated herein by reference.

48. The acts and omissions of defendants as aforesaid caused the injuries and damages describe above and violated Plaintiff's civil rights as provided for in M.G.L. c.12, § 11I.

**COUNT IV:**     **Negligence Claim Pursuant to M.G.L. c. 258 Against Defendant City of Revere**

49. Paragraphs 1 through 47 of this complaint are incorporated herein by reference.

50. As a direct and proximate result of the negligence of Defendant City of Revere, David Macharia suffered the injuries and damages described above.

6

51. Notice of claim was served on the Defendant City of Revere through its Mayor on October 24, 2008, but, to date, no response has been received.

WHEREFORE, the Plaintiffs request that this Court:

1. Award compensatory damages against the Defendants.

2. Award punitive damages against Defendants.

3. Award the costs of this action, including attorney's fees and

4. Award such other and further relief, as this Court may deem necessary and appropriate.

### IV. JURY DEMAND

A JURY TRIAL IS HEREBY DEMANDED.

LEONORA MACHARIA as legal guardian of DAVID MACHARIA,
By Her Attorney,

Austin J. Freeley
BBO# 563349
221 Lewis Wharf
Boston, MA 02108
(617) 723-9538

Dated: March 13, 2009

7